The Full Commission has reviewed the award based upon the record of proceedings before the Deputy Commissioner and with reference to the errors alleged. After careful consideration, the Full Commission has determined that the plaintiff has not shown good grounds to amend the award. Therefore, the June 20, 1994 Opinion and Award is accordingly HEREBY AFFIRMED, and the findings of fact as set forth therein are hereby adopted by the Full Commission.
* * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties as
STIPULATIONS
1. The parties stipulated that the issue to be determined in this case is whether the plaintiff is entitled to have the compromise settlement agreement set aside pursuant to the provisions of N.C.G.S. § 97-17.
2. Pursuant to Rule 611 (5), the undersigned takes judicial notice of the following parts of the Industrial Commission file and incorporates the same into the record upon which this decision is made:
 a. Opinion and Award filed February 12, 1991 by Deputy Commissioner Tamara R. Nance, from which no appeal was taken;
 b. Final Compromise Settlement and Release dated June 17, 1991; and
 c. Order Approving Compromise Settlement Agreement entered by Commissioner J. Harold Davis on or about June 26, 1991.
* * * * * * * * * * *
Based upon all of the competent evidence in the record, the Full Commission makes the following
FINDINGS OF FACT
1. Plaintiff is a fifty-six-year-old gentlemen who received an A.B. degree from the University of North Carolina at Chapel Hill. Plaintiff reads, writes and understands the English language, both verbal and written.
2. Subsequent to the entry of the Opinion and Award of Deputy Commissioner Nance, plaintiff retained the services of Attorney James Weidner, Jr., a duly licensed and practicing attorney in this State.
3. Attorney Weidner represented the plaintiff in his negotiations with the defendants, which negotiations resulted in the Compromise Settlement Agreement which is the subject of the plaintiff's present motion.
4. At the time the Compromise Settlement Agreement was executed, the plaintiff was experiencing financial difficulties. Specifically, he was having trouble keeping up the taxes and mortgage payments on property he owns in South Carolina. Despite those financial problems, the plaintiff fully and completely understood the effect and meaning of the Compromise Settlement Agreement.
5. The Compromise Settlement Agreement was not entered into as a result of any fraud, misrepresentation, undue influence, mistake or duress on the part of any party of that agreement.
6. The undersigned rejects as incredible plaintiff's testimony concerning his attorney's alleged misconduct in connection with his representation of the plaintiff.
* * * * * * * * * *
Based upon the findings of fact, the Full Commission makes the following
CONCLUSIONS OF LAW
1. On June 17, 1991 plaintiff entered into and duly executed the Compromise Settlement Agreement made the subject of the present motion.
2. The plaintiff failed to show that the Compromise Settlement Agreement was the result of any misrepresentation, fraud, duress, mistake or undue influence.
3. Plaintiff's motion to set aside the Compromise Settlement Agreement is due to the DENIED.
* * * * * * * * * * *
Based upon all of the foregoing, the Full Commission has determined there exists no basis for amending denying plaintiff's claim that he be entitled to have the Compromise Settlement Agreement set aside.
Plaintiff shall pay the costs.
This the _____ day of __________________________, 1994.
FOR THE FULL COMMISSION
 S/ ____________________________________ JAMES J. BOOKER COMMISSIONER
CONCURRING:
S/ ____________________________ COY M. VANCE COMMISSIONER
S/ ____________________________ THOMAS J. BOLCH COMMISSIONER
JJB:mj 12/2/94